IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derith P. Beard, Sara W. Barrineau, and Amela Porca-Malkic,<br><br>Plaintiffs.<br>vs.<br><br>Adiz, LLC, ATC Development Corp., ATC Construction, LLC,<br><br>Defendants.<br>_____<br><br>Adiz, LLC,<br><br>Third-Party Plaintiff,<br>vs.<br><br>Duck & Son, Inc., Robert Renew d/b/a Renew Siding, Aaron Ridgdill, and Custom Air, Inc.<br><br>Third-Party Defendants.<br>_____ | ) C/A No. 1:10-cv-02202-MBS-PJG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Third-Party Defendant Duck & Son, Inc. has filed a *pro se* Answer (ECF No. 29) to Defendant/Third-Party Plaintiff Adiz LLC's Third-Party Complaint (ECF No. 13) in this action.[1]  It appears that Third-Party Defendant Duck & Son, Inc. is a corporation and Defendant/Third-Party Plaintiff Adiz LLC has sued the corporate entity, Duck & Son, Inc., not its individual officers or shareholders.  Donald R. Newberry, formerly d/b/a Duck & Son, Inc., alleges in the *pro se* Answer that he has been unable to do major construction work since early 2005 and has not used the business name of Duck & Son, Inc. since around that time.  (ECF No. 29 at 1.)  It further appears that the corporation Duck & Son, Inc. was

_____

[1]  Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, the assigned United States Magistrate Judge is authorized to review all pretrial proceedings involving litigation by parties proceeding *pro se*, and to submit findings and recommendations to the assigned United States District Judge.

administratively dissolved by the Secretary of State of Georgia on July 9, 2005.[2] Nevertheless, under Georgia law, "a corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs" and "the administrative dissolution of a corporation does not terminate the authority of its registered agent." See Ga. Code Ann. § 14-2-1421(c), (d).

It is well established that a corporation cannot appear *pro se* and must be represented by counsel in court. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . [T]he rationale for that rule applies equally to all artificial entities." (citations omitted)); see also Honour Technical Grp., Inc. v. United States, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir 2007); Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887, 1998 WL 112719 (4th Cir. 1998) (Table); Monster Daddy, LLC v. Monster Cable Products, Inc., No. 6:06-293-HMH, 2008 U.S. Dist. LEXIS 54406 at *3 (D.S.C. 2008). "Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland, 506 U.S. at 202. This principle has also been extended to a dissolved corporation. See Talasila v. Mikkilineni, 240 F.3d 1064 (Fed. Cir. 2001); Arora v. Alemparte, No. 1:03CV00020, 2003 WL 21448877 (W.D.Va. 2003). Lack of resources does not excuse a corporate party's failure to have licensed counsel appear on its behalf, and there is no authority, nor any source of funding, to allow this Court to appoint counsel for a corporation in a civil matter. See WB Music Corp. v. Port City Cruise Line, Inc., No. 1:09-cv-742, 2009 WL 3066663 (W.D.Mi. 2009).

Accordingly, Third-Party Defendant Duck & Son, Inc. is hereby given thirty (30) days from the date of this order in which to retain counsel and to file its Answer or otherwise

---

[2] This court takes judicial notice of the factual information concerning Duck & Son, Inc's corporate status that is posted on the official website of the Secretary of State of Georgia. See McCormick v. Wright, No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 (D.S.C. Feb. 17, 2010); In re Katrina Canal Breaches Consolidated Litig., No. 05-4182, 2008 WL 4185869 at *2 n.5 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts''records); Williams v. Long, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating). According to the Secretary of State of Georgia's Corporations Division website, Duck and Son Roofing, Inc., a Georgia domestic profit corporation, was created on March 11, 1999 and administratively dissolved on July 9, 2005. See http://www.sos.ga.gov/Corporations/ (last visited Nov. 17, 2010).

respond to the Third-Party Complaint (ECF No. 13) in this case. If Third-Party Defendant Duck & Son, Inc. fails to retain licensed counsel to file an entry of appearance and submit a responsive pleading within thirty (30) days, then the Answer which was filed *pro se* on behalf of Duck & Son, Inc. by Donald R. Newberry, formally doing business as Duck & Son, Inc. (ECF No. 29), will be stricken by the court.

**IT IS SO ORDERED**.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 22, 2010
Columbia, South Carolina