IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derith P. Beard, Sara W. Barrineau, and Amela Porca-Malkic,<br><br>    Plaintiffs.<br>vs.<br><br>Adiz, LLC, ATC Development Corp., ATC Construction, LLC,<br><br>    Defendants.<br>_____<br><br>Adiz, LLC,<br><br>    Third-Party Plaintiff,<br>vs.<br><br>Duck & Son, Inc., Robert Renew d/b/a Renew Siding, Aaron Ridgdill, and Custom Air, Inc.<br><br>    Third-Party Defendants.<br>_____ | C/A No. 1:10-cv-02202-MBS-PJG<br><br><br><br><br><br><br><br>**ORDER** |

  Third-Party Defendant Custom Air, Inc. has filed a *pro se* Answer (ECF No. 45) to Defendant/Third-Party Plaintiff Adiz LLC's Third-Party Complaint (ECF No. 13) in this action.[1] It appears that Third-Party Defendant Custom Air, Inc. is a South Carolina domestic, for-profit corporation, currently in good standing with the office of the Secretary

---

  [1] Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, the assigned United States Magistrate Judge is authorized to review all pretrial proceedings involving litigation by parties proceeding *pro se*, and to submit findings and recommendations to the assigned United States District Judge.

of State of South Carolina. Custom Air, Inc. was incorporated on February 26, 1998.[2] Defendant/Third-Party Plaintiff Adiz LLC has sued the corporate entity, Custom Air, Inc., Inc., not its individual officers or shareholders. Mr. Joe F. Rosier, President and Registered Agent of Custom Air, Inc., has prepared and filed the *pro se* Answer on behalf of Defendant Custom Air, Inc. (See ECF No. 45 at 1, 7.) However, it appears that Mr. Rosier is not a licensed attorney. A non-attorney individual cannot represent a corporation in federal court and a corporation cannot appear *pro se* in federal court. In Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993), the United States Supreme Court recognized that

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. (internal citations and footnote omitted).[3]

---

[2] This Court takes judicial notice of the factual information concerning Custom Air, Inc's corporate status that is posted on the official website of the Secretary of State of South Carolina, http://www.scsos.com/Search%20Business%20Filings (last visited December 7, 2010). See McCormick v. Wright, No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 (D.S.C., Feb. 17, 2010); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 *2 n.5 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

[3] See also Honour Technical Group, Inc. v. United States, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir 2007); Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (table) reported in full-text at 1998 U.S. App. LEXIS 4959 at *3 (4th Cir. 1998); Monster Daddy, LLC v. Monster Cable Products, Inc., No. 6:06-293-HMH, 2008 U.S. Dist. LEXIS 54406 at *3 (D.S.C. 2008). Lack of resources does not excuse a corporate party's failure to have licensed counsel appear on its behalf, and there is no authority, nor any source of funding, to allow this Court to appoint counsel for a corporation in a civil matter. See WB Music Corp. v. Port City Cruise Line, Inc., No. 1:09-cv-742, 2009 U.S. Dist. LEXIS 86891 at *6-8 (W.D.Mi. 2009) (quoting Zamzam v. IRS, 24 F. App'x. 206 (4th Cir. 2002)).



So, while 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.  Mr. Joe F. Rosier cannot act as legal counsel for the corporation Custom Air, Inc.

Accordingly, Third-Party Defendant Custom Air, Inc. is hereby given thirty (30) days from the date of this Order to retain counsel and to file its Answer or otherwise respond to the Third-Party Complaint (ECF No. 13) in this case.  If Third-Party Defendant Custom Air, Inc. fails to retain licensed counsel to file an entry of appearance and submit a responsive pleading within thirty (30) days, then the Answer (ECF No. 45) which was filed, *pro se*, on behalf of Custom Air, Inc. by Joe F. Rosier, its President and Registered Agent, will be stricken by the court.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 9, 2010
Columbia, South Carolina