IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Derith P. Beard and Amela Porca-Malkic, | ) | C/A No. 1:10-2202-MBS-PJG |
| Plaintiffs, | ) | |
| v. | ) | |
| Adiz, LLC; ATC Development Corp.; ATC Construction, LLC, | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| Adiz, LLC, | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| Mulherin Lumber Company; Hoover Trusses Inc; Duck & Son, Inc.; Robert Renew *d/b/a Renew Siding*; Aaron Ridgdill; and Custom Air, Inc., | ) | |
| Third-Party Defendants. | ) | |

This civil case, filed by the plaintiffs in August 2010, is currently before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation concerning the service of process for Third-Party Defendant Robert Renew *d/b/a Renew Siding*. Defendant Adiz, LLC ("Adiz"), who is represented by counsel, filed a Third-Party Complaint on September 3, 2010. (ECF No. 13.) Third-Party Summonses were issued by the Clerk of Court pursuant to Federal Rule of Civil Procedure 4(b). (ECF No. 14.) During a status conference held on August 3, 2011, the Third-Party Plaintiff informed the court that Third-

Party Defendant Robert Renew *d/b/a Renew Siding* had not been served and that no further service attempts would be made.  Further, all parties consented to dismissal of this Third-Party Defendant. Accordingly, the court recommends that Third-Party Defendant Robert Renew *d/b/a Renew Siding* be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 3, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).